Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARÍA ELENA MUÑOZ COLÓN<br><br>Recurrida<br><br>v.<br><br>FÉLIX ANTONIO REYES VÉLEZ<br><br>Peticionario | TA2025CE00015 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>E AL2007-0920<br><br>Sobre:<br>Alimentos Locales |
|---|---|---|

Panel integrado por su presidenta, la Juez Cintrón Cintrón[1], la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2025.

Comparece Félix Antonio Reyes Vélez (en adelante, peticionario), mediante un recurso de *Certiorari,* para solicitarnos la revisión de la *Orden* emitida el 19 de mayo de 2021 y notificada el 21 de mayo de 2021, por el Tribunal de Primera Instancia, Sala Superior de Caguas.[2] Mediante la *Orden* recurrida, el foro primario declaró *No Ha Lugar* una solicitud de reconsideración interpuesta por el peticionario.

Precisa señalar que no es la primera vez que las partes acuden a esta Curia para que se revisen determinaciones emitidas por el foro de instancia. En la última ocasión, un Panel Hermano, atendió el recurso KLCE202401183. En dicho recurso, mediante *Resolución* final se dispuso a denegar un recurso de *certiorari* en el cual uno de los errores esgrimidos se relaciona a la controversia de autos.[3] A tenor, incorporamos por referencia los hechos esgrimidos en el

---

[1] Mediante la Orden Administrativa OATA-2025-119 del 26 de junio de 2025, se designó a la Hon. Sol de Borinquen Cintrón Cintrón en sustitución del Hon. Abelardo Bermúdez Torres, por este haber dejado de ejercer funciones como Juez del Tribunal de Apelaciones.

[2] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada Núm. 2.

[3] SUMAC TA, a la Entrada Núm. 3.

antedicho recurso apelativo. Con relación al error esgrimido que se relaciona a la controversia de autos, el también allí peticionario esgrimió que el foro de instancia había errado al dejar de resolver una controversia sobre la procedencia del pago de honorarios que le habían sido previamente impuestos a favor del alimentista, su hijo, quien es mayor de edad, Antonio Alberto Reyes Muñoz.[4]

En la antedicha *Resolución*, este Tribunal expresó que, en aquella ocasión, el expediente judicial se encontraba huérfano de documentos que acreditaran que la referida controversia estaba lista para ser adjudicada y que el foro de instancia se negó a resolverla. Según adelantamos, dispusimos denegar el recurso.

Ahora bien, según se desprende del recurso ante nuestra consideración, el peticionario incoó un escrito para que unos dineros que constituyeron un crédito a la pensión alimentaria se utilizaran para ser acreditados al pago de honorarios de abogado.[5] Según reza la petición, la parte recurrida se opuso.[6] Por otro lado, manifiesta el peticionario su inconformidad, puesto a que su solicitud fue denegada y de ahí, presentó una solicitud de reconsideración la cual fue denegada mediante *Orden* emitida el 19 de mayo de 2025, y notificada el 21 de mayo de 2025.[7]

En desacuerdo, el 19 de junio de 2025, el peticionario incoó un recurso de *Certiorari* en el cual alzó el siguiente señalamiento de error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA DE CAGUAS AL DECLARAR NO HA LUGAR LA MOCIÓN SOLICITANDO RECONSIDERACIÓN A ORDEN DEL 25 DE ABRIL DE 2025, AL NO ACREDITAR LOS CRÉDITOS CONCEDIDOS AL PAGO DE HONORARIO[S] DE ABOGADO, SIENDO ESTOS PARTE DE LOS ALIMENTOS DE UN MENOR.

---

[4] Véase Resolución final emitida el 7 de noviembre de 2024, a la pág. 8. Véase, además, SUMAC TA, a la Entrada Núm. 3.

[5] Véase escrito intitulado Certiorari, en el SUMAC TA, a la Entrada Núm. 1, pág. 4.

[6] *Íd.*

[7] SUMAC TA, a la Entrada Núm. 2.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[8] este Tribunal tiene "la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...]".

En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos.

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Orden* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco, que la determinación sea manifiestamente errónea. Es por lo anterior, que no atisbamos razón para intervenir con la determinación recurrida. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[9], y la Regla 40 del Reglamento de este Tribunal[10], acordamos denegar la expedición del auto de *Certiorari*.

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y se devuelve el caso al foro primario para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] 4 LPRA Ap. XXII-B, R.7 (B)(5).
[9] 32 LPRA Ap. V, R. 52.1.
[10] 4 LPRA Ap. XXII-B, R. 40.